UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 04-10299-PBS |
| v. | ) | |
| | ) | |
| 2. DANIEL AGUILAR | ) | |
|     a/k/a "Lik" | ) | |
| 3. ROBERTO SOLORIO | ) | |
|     a/k/a "Primo" | ) | |
| 4. RICARDO MANUEL ESTRADA, | ) | |
|     Defendants. | ) | |

## UNITED STATES' PROPOSED JURY INSTRUCTIONS

Pursuant to Fed.R.Crim.P. 30, the United States respectfully requests that the following instructions be given to the jury during the trial of this case, as appropriate, and during the Court's charge at the end of the trial. Except where noted, all the instructions are taken from the Pattern Criminal Jury Instructions for the District Courts of the First Circuit (2003 compilation). The United States also requests leave to file additional instructions as may become appropriate during the course of the trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Sandra S. Bower
NEIL J. GALLAGHER, Jr.
SANDRA S. BOWER
Assistant U.S. Attorneys
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel: (617) 748-3100

## Table of Contents

| No. | Instruction Description | Page No. |
|---|---|---|
| 1.01 | Duties of the Jury | 1 |
| 1.02 | Nature of Indictment: Presumption Innocence | 2 |
| 1.04 | Preliminary Statement of Elements of Crime | 3 |
| 1.05 | Evidence; Objections; Rulings; Bench Conferences | 5 |
| 1.06 | Credibility of Witnesses | 8 |
| 1.07 | Conduct of the Jury | 9 |
| 1.08 | Notetaking | 11 |
| 1.09 | Outline of the Trial | 12 |
| 2.01 | Stipulations | 14 |
| 2.04 | Impeachment of Witness's Testimony by Prior Conviction | 15 |
| 2.08 | Caution as to Cooperating Witness/ Accomplice | 16 |
| 2.07 | Weighing the Testimony of an Expert Witness | 17 |
| 2.09 | Use of Tapes and Transcripts | 18 |
| 3.01 | Duty of the Jury to Find Facts and Follow Law | 19 |
| 3.02 | Presumption of Innocence; Proof Beyond a Reasonable Doubt | 20 |
| 3.03 | Defendant's Constitutional Right Not to Testify | 22 |
| 3.04 | What is Evidence; Inferences | 23 |
| 3.05 | Kinds of Evidence; Direct and Circumstantial | 24 |

| **No.** | **Instruction Description** | **Page No.** |
|---|---|---|
| 3.06 | Credibility of Witnesses | 25 |
| 3.07 | Cautionary and Limiting Instructions as to Particular Kinds of Evidence | 26 |
| 3.08 | What is Not Evidence | 27 |
| | Conspiracy (generally) | 29 |
| | Elements of Conspiracy to Distribute Cocaine | 31 |
| | Existence of a Conspiracy | 34 |
| | Membership in the Conspiracy | 37 |
| | Stake in the Outcome | 40 |
| | Acts and Declarations of Co-conspirators | 41 |
| | Drug Quantity | 43 |
| 4.21.841 | Possession with Intent to Distribute Cocaine | 44 |
| 4.18.02 | Aiding and Abetting | 47 |
| | Cocaine: Schedule II Controlled Substance | 48 |
| 2.14 | Definition of "Knowingly" | 49 |
| | "On or about" and "In or About" Explained | 50 |
| 6.01 | Foreperson's Role; Unanimity | 51 |
| 6.02 | Consideration of Evidence | 52 |
| 6.03 | Reaching Agreement | 53 |
| 6.04 | Return of Verdict Form | 55 |
| 6.05 | Communication with the Court | 56 |
| | Possible Additional Proceedings | 57 |

### 1.01 DUTIES OF THE JURY

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions.   Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you.  That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

1

### 1.02 NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by two Assistant United States Attorneys, Neil Gallagher and Sandra Bower. The defendant DANIEL AGUILAR is represented by his lawyer, Benjamin Entine, RICARDO ESTRADA by his lawyer, Elliot Weinstein, and ROBERTO SOLORIO by his lawyer, Syrie Fried.

The defendants have been charged by the government with two violations of federal law.  They are charged in COUNT ONE of the Second Superseding Indictment with conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 and in COUNT NINE with possession of five kilograms or more of cocaine with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting this offense, in violation of 18 U.S.C. §2. The charges against the defendants are contained in the second superseding indictment.  The indictment is simply the description of the charges against the defendants; it is not evidence of anything.  The defendants have pleaded not guilty to the charges and deny committing the crimes.  They are presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven their guilt beyond a reasonable doubt.

2

## 1.04 PRELIMINARY STATEMENT OF ELEMENTS OF CRIME

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to make its case. The defendants have been charged by the government with violations of federal law. Specifically, they have been charged with conspiracy to distribute cocaine and with possession with intent to distribute cocaine.

Conspiracy to distribute cocaine requires an agreement by a defendant with one or more other persons. It requires that the agreement be to do something forbidden by law, namely, to distribute, that is to pass to others, by selling or otherwise, the illegal drug cocaine. With respect to Count One, charging the defendants with conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, the government must prove, with respect to each defendant:

<u>One</u>: that the agreement charged in the indictment existed between at least two people to distribute cocaine;

<u>Two</u>: that the defendant knowingly and intentionally joined that agreement; and

<u>Three</u>: that the defendant intended that the distribution of cocaine be accomplished.

With respect to Count Nine of the Indictment, charging the defendants with possession with intent to distribute five kilograms

3

or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), the government must prove that:

<u>First:</u> that on or about May 1, 2004, the defendant possessed a controlled substance, either actually or constructively, that was in fact cocaine;

<u>Second:</u> that the defendant did so with a specific intent to distribute a controlled substance; and

<u>Third:</u> that the defendant did so knowingly and intentionally.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

Modified from 4.18.371 and 4.21.841(a)(1)(A) First Circuit Pattern Criminal Jury Instructions (2003 compilation).

**1.05 EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES**

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated -- that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their

client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact.

You may consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## 1.06 CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

8

## 1.07 CONDUCT OF THE JURY

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not

9

supposed to talk or visit with you;

<u>Fifth</u>, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

<u>Sixth</u>, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

<u>Seventh</u>, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

<u>Eighth</u>, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

## 1.08 NOTETAKING

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however. First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented. If you would prefer not to take notes at all but simply to listen, please feel free to do so. Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Please take your notes to the jury room at every recess. I will have the courtroom deputy collect them at the end of each day and place them in the vault. They will then be returned to you the next morning. When the case is over, your notes will be destroyed. These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

## 1.09 OUTLINE OF THE TRIAL

The first step in the trial will be the opening statements.  The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the indictment is not evidence, neither is the opening statement evidence.  Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendants' attorneys may, if they choose, make opening statements.  At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the defendants.  The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits.  In a moment I will say more about the nature of evidence.

After the government's evidence, the defendants' lawyers may present evidence in the defendants' behalf, but they are not required to do so.  I remind you that the defendants are presumed innocent, and the government must prove the guilt of the defendants beyond a reasonable doubt.  The defendants do not have to prove their innocence.

After you have heard all the evidence on both sides, the

government and the defense will each be given time for their final arguments.  I just told you that the opening statements by the lawyers are not evidence.  The same applies to the closing arguments.  They are not evidence either.  In their closing arguments the lawyers for the government and the defendants will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

Following your verdict, there may be further proceedings.  If such proceedings become necessary, I will give you additional instructions at that time.

## 2.01 STIPULATIONS

The evidence in this case includes facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendants accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

**2.04 IMPEACHMENT OF WITNESS'S TESTIMONY BY PRIOR CONVICTION**

You have heard evidence that certain witnesses have been convicted of a crime.  You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give to those witnesses' testimony.

## 2.08 CAUTION AS TO COOPERATING WITNESS/ACCOMPLICE

You have heard the testimony of several of the government's witnesses who participated in the crimes charged against the defendants and provided evidence under agreements with the government.  Some people in this position are entirely truthful when testifying.  Still, you should consider this testimony with care and caution.  They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves. You may consider their guilty pleas in assessing their credibility, but you are not to consider their guilty pleas as evidence against these defendants in any way.

16

## 2.07 WEIGHING THE TESTIMONY OF AN EXPERT WITNESS

You have heard testimony from persons described as experts, including testimony from DEA Forensic Chemist Jennifer Chu. An expert witness has special knowledge or experience that allows that witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

## 2.09 USE OF TAPES AND TRANSCRIPTS

At this time you are going to hear conversations that were recorded.  These conversations are completely in Spanish.  In order to help you, I am going to allow you to have an English transcript, translating what is said in Spanish on the tape.  These transcripts are proper evidence for you to consider.

Modified from 2.09 First Circuit Pattern Criminal Jury Instructions (2003 compilation); <u>United States v. Rengifo</u>, 789 F.2d 975(1st Cir. 1986); <u>United States v. Pion</u>, 25 F.3d 18, 21 (1st Cir. 1994).

### 3.01 DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

19

**3.02 PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendants before you have the benefit of that presumption throughout the trial, and you are not to convict them of a particular charge unless you are persuaded of their guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendants are guilty of the crime or crimes with which they are charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendants. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendants have the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against

20

them.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to one or all of the defendants' guilt of a particular crime, it is your duty to acquit the appropriate defendant or defendants of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of a defendant or defendants' guilt of a particular crime, you should vote to convict the appropriate defendant or defendants.

### 3.03 DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

Each defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that a defendant did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

### 3.04 WHAT IS EVIDENCE; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendants accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

23

### 3.05 KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

24

## 3.06 CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

## 3.07 CAUTIONARY AND LIMITING INSTRUCTIONS
## AS TO PARTICULAR KINDS OF EVIDENCE

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

### 3.08 WHAT IS NOT EVIDENCE

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5) The indictment is not evidence.  This case, like most criminal cases, began with a charge, or an indictment.  In this case, there were subsequent charges which are contained in a Indictment.  You will have that indictment before you in the course of your deliberations in the jury room.  That indictment was returned by a grand jury, which heard only the government's side of

27

the case.   I caution you, as I have before, that the fact that these defendants have been indicted is no evidence whatsoever of their guilt.   The indictment is simply an accusation.   It is the means by which the allegations and charges of the government are brought before this court.   The indictment proves nothing.

**CONSPIRACY**

A conspiracy is an agreement or mutual understanding knowingly made or knowingly entered into by at least two persons to violate the law by some joint or common plan or course of action. The gist of the offense is a combination or an agreement to disobey or disregard the law to achieve some unlawful purpose. The crime of conspiring to violate Title 21, United States Code, Section 841(a)(1) in violation of Title 21, United States Code, Section 846 -- that is, conspiring to distribute cocaine-- is independent from the crime of actually distributing cocaine or possessing cocaine with the intent to distribute it. The law refers to the object of the conspiracy -- here, the distribution of cocaine -- as the substantive crime. It is against federal law to distribute cocaine, that is to knowingly and intentionally transfer cocaine to another person. It is not necessary for the defendant to have benefitted in any way from the transfer.

You may find the defendant guilty of conspiring to distribute cocaine regardless of the findings you make with respect to the charge of possession with intent to distribute cocaine. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime. This is because collective criminal activity poses

29

a greater threat to the public's safety and welfare that individual

conduct, and increases the likelihood of a particular venture.

Adapted from 1 L.B. Sand, <u>Modern Federal Jury Instructions:</u>
<u>Criminal</u>, ¶19.01 (1993). <u>See also</u>, <u>United States v. Flores-Rivera</u>,
56 F.3d 319,324 (1st Cir. 1995)(elements of conspiracy to import
cocaine established, absent actual importation of cocaine, where
there was knowing and voluntary participation in conspiracy, and
intent to effectuate object of conspiracy), <u>citing</u>, <u>United States</u>
<u>v. Piper</u>, 35 F.3d 611, 615 (1st Cir. 1994), (defining "intent to
commit" object of conspiracy as "an intent to effectuate the
commission of the substantive offense.  A defendant need not have
had the intent to personally commit the substantive crime.")

### ELEMENTS OF CONSPIRACY TO DISTRIBUTE COCAINE
### [21 U.S.C. § 846]

Defendants DANIEL AGUILAR, ROBERTO SOLORIO, and RICARDO ESTRADA are accused in Count One of the Second Superseding Indictment with conspiracy to distribute cocaine.  It is against federal law to conspire with someone to commit this crime.

For you to find the defendants guilty of conspiracy, you must be convinced that the government has proven both of the following things beyond a reasonable doubt:

First: that the agreement specified in the indictment, and not some other agreement or agreements, existed between the defendant and at least one other person to distribute cocaine; and

Second: that the defendant under consideration willfully joined in that agreement;

A conspiracy is an agreement, spoken or unspoken.  The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently

31

and with the specific intent that the underlying crime be committed - that is to say, with bad purpose, either to disobey or disregard the law - not to act by ignorance, accident or mistake.   The government must prove two types of intent beyond a reasonable doubt before any of the defendants can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed.   Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors.   Intent may be inferred from the surrounding circumstances.

Proof that each defendant willfully joined in the agreement must be based upon evidence of his own words or actions.   For each defendant, you need not find that he agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that each defendant knew the essential features and general aims of the venture.   Even if a defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.   On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The government does not have to prove that the conspiracy succeeded or was achieved.  The crime of conspiracy is complete upon the agreement to commit the crime to distribute cocaine.

United States v. Rivera-Santiago, 872 F.2d 1073, 1078-80 (1st Cir. 1989), as modified by United States v. Piper, 35 F.3d 611, 614-15 (1st Cir. 1994).  Overt act is not required in a drug conspiracy under 21 U.S.C. § 846.  See United States v. Shabani, 513 U.S. 10 (1994);4.18.371(1) First Circuit Pattern Criminal Jury Instructions (2003 compilation).

### EXISTENCE OF A CONSPIRACY

To prove that a conspiracy existed, the government must prove beyond a reasonable doubt that two or more persons entered into the unlawful agreement charged in the Indictment. According to the indictment in this case, the unlawful purpose or object here was to distribute cocaine.

A conspiracy is an agreement, spoken or unspoken. A conspiracy does not have to be a formal agreement or plan in which everyone sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.

The government must prove beyond a reasonable doubt that the defendant knew the essential purpose and aim of the conspiracy and willingly participated with the intent to try and accomplish that purpose. That is, the evidence must show beyond a reasonable doubt that the defendant and at least one other person in some way or manner, through some means, came to a mutual understanding to try and accomplish their common unlawful purpose and that they did so knowingly, willfully and intentionally.

In order for you to find that a conspiracy existed, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or

34

writing, what their scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. It is sufficient if an agreement is shown by conduct, by a wink, a nod, a handshake, or by a silent understanding to share a purpose to violate the law.[1]

A conspiracy is, by its very nature, usually secret in its origin and in its execution. Therefore, what the evidence in the case must show beyond a reasonable doubt, in order to establish proof that a conspiracy existed, is that the members in some way or manner, positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan. In essence, there must have been an agreement.

Since a conspiracy is by its very nature often secret, neither the existence of the common agreement or scheme, nor the fact of a defendant's participation in it, must be proved by direct evidence; both may be inferred from circumstantial evidence.[2] The common purpose or plan may be inferred from the course of the dealing between a defendant and another alleged

---

[1] United States v. Sepulveda, 15 F.3d at 1173 ("There are no particular formalities that attend this showing: the agreement may be express or tacit and may be proved by direct or circumstantial evidence."); United States v. Pallindo, 203 F.Supp. 35, 37 (D.Mass.1962) ("An agreement may be shown by conduct, by a wink or a nod, by a silent understanding to share a purpose to violate the law").

[2] United States v. O'Campo, 973 F.2d 1015, 1019 (1st Cir. 1992) (no need for express agreement; circumstantial evidence sufficient).

conspirator.[3]  In this regard, you may, in determining whether an agreement existed herein, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together for the accomplishment of an unlawful purpose.

The Indictment alleges that the conspiracy existed between sometime in 2001 up until May 1, 2004.  In determining whether the defendant and at least one other person conspired as charged, you need not find that the conspiracy existed at the exact time or over the entire period charged.  What must be proven beyond a reasonable doubt is that the conspiracy was in existence for some period of time reasonably near the time alleged or for some portion of the period charged.

Adapted from 1 L. Sand, Modern Federal Jury Instructions: Criminal, ¶19-4 (1993).

---

[3]  United States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st. Cir. 1989), cert. denied 104 S.Ct. 3227 (1989) ("Because of the secretive nature of the crime, it is recognized that the agreement may be express or tacit.  The agreement, whether tacit or express, may be proven by circumstantial as well as express evidence.  A common purpose and plan may be inferred from a development and collocation of circumstances").

## MEMBERSHIP IN THE CONSPIRACY

The second element the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant <u>knowingly</u> and <u>intentionally</u> became a member of the conspiracy with the intent to further its unlawful purposes.

A person acts "knowingly" and "intentionally" if he or she acts voluntarily and not because of ignorance, mistake, accident or carelessness.[4]

Proof that a defendant simply knew about a conspiracy or was present at times or associated with members of the group is not enough, even if he or she approved of what was happening or did not object to it.  Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, by itself, make someone a member of a conspiracy. Similarly, just because a defendant may have done something that happened to help a conspiracy does not make him or her a conspirator.

An individual may be found to be a part of a drug conspiracy even though he did not intend to, and did not, directly participate in actually distributing cocaine, and even though he

_____

[4]    Adapted from 1 L.B. Sand, <u>Modern Federal Jury Instructions:  Criminal</u>, ¶3A-1 (1993).

or she did not know the precise extent of the enterprise.[5]  That
is, it is not necessary that the government prove that each
member of a conspiracy knew the names, identities or even the
number of all of his or her confederates.  Nor does the
government need to prove that each member of the conspiracy knew
all of the details of the conspiracy.[6]  The government need not
prove that the defendant committed the alleged acts so long as
the government proves the three elements of the charge of
conspiracy beyond a reasonable doubt.[7]  The government must

_____

[5]United States v. Piper, 35 F.3d 611, 615 (1st Cir. 1994)
citing United States v. Moosey, 735 F.2d 633, 635-36 (1st Cir.
1984) (upholding conviction for conspiracy even though defendant
personally had not intended to, and did not, participate in the
underlying substantive offense of interstate trafficking).  See
also, United States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st
Cir.) (an individual could be found to be part of a conspiracy to
possess and distribute cocaine even though he neither directly
participated in interstate trafficking nor knew the precise
extent of the enterprise.  The fact that he participated in one .
. . link of the distribution chain, knowing it extended beyond
his individual role, was sufficient).

[6]Sepulveda, 15 F.3d at 1173 ("in a criminal conspiracy,
culpability may be constant though responsibilities are divided;
the government does not need to show as a precursor to a finding of
guilt that a given defendant took part in all aspects of the
conspiracy.").

[7]  United States v. Dannenburg, 980 F.2d 741 (10th Cir.
1992) (numerous decisions recognize that a conspiracy conviction
may be supported by evidence of predicate acts different from
those alleged in the Indictment as long as no unreasonable
surprise to defense); United States v. Bello-Perez, 977 F.2d 664,
669 (1st Cir. 1992) (although overt acts were gratuitously set
forth in the Indictment, the government is not limited at trial
to proof of the alleged over acts; nor is the Indictment rendered
insufficient for failure to plead other overt acts).

prove, however, that the defendant knew the essential purpose and aim of the conspiracy and willingly participated with the intent to try and accomplish that purpose.[8]  If he did, then he or she may be charged with what others may have done in execution of those purposes.[9]

---

[8]  Rivera-Santiago, 872 F.2d at 1079; United States v. Stubbert, 655 F.2d 453, 457 (1st Cir. 1981).

[9]  Rivera-Santiago, 872 F.2d at 1079; Angiulo, 847 F.2d at 969.

## STAKE IN THE OUTCOME

The extent of a defendant's participation in a conspiracy and the importance of his role in effectuating the purposes of the conspiracy do not determine that defendant's guilt.  A conspirator's guilt or innocense is not measured by the extent or duration of his participation.  Indeed, each member may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the gambit of the conspiracy.

Moreover, a person may be found to be a member of a conspiracy whether or not he had a financial stake in the illegal venture.  Conspirators may have different motives for participating in a conspiracy.

This instruction is adopted from: (1) an instruction given by Judge Keeton in <u>United States v. Forero-Diaz</u>, Criminal Number 88-110-K, pp. 29; and (2) L.B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, §19-6 (1990).

40

## ACTS AND DECLARATIONS OF CO-CONSPIRATORS

I have admitted into evidence certain acts and statements of various individuals because these acts and statements are alleged to have been committed during the course and in furtherance of the conspiracy.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy.  A conspiracy is often referred to as a partnership in crime.  Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.  This is so even if the acts or statements in question were done or made in the absence of the defendant and without his knowledge.

However, before you consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme.

41

If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against the defendant.

United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir. 1977); L.B. Sand, Modern Federal Jury Instructions: Criminal, §19-9 (1990); United States v. Angiulo, 847 F. 2d 956, 969 (1st Cir. 1988) ("As long as it is shown that a party, having joined a conspiracy, is aware of the conspiracy's features and general aims, statements pertaining to the details of plans to further the conspiracy can be admitted against the party even if the party does not have specific knowledge of the acts spoken of."). Devitt and Blackmar, Federal Jury Practice and Instructions, §§14.13 (3d ed. 1977).

**CONSPIRACY TO DISTRIBUTE COCAINE--DRUG QUANTITY**
**[21 U.S.C. § 846]**

Defendants DANIEL AGUILAR, ROBERTO SOLORIO, and RICARDO ESTRADA are accused in Count One of the Second Superseding Indictment with conspiracy to distribute cocaine.

If decide that any one or more of the defendants under consideration is guilty of the crime of conspiracy to distribute cocaine, you then must decide the issue of drug weight. In particular, you must decide whether the conspiracy to distribute to cocaine involved at least five kilograms of cocaine. The standard you must apply for this determination is the same as before, beyond a reasonable doubt and your decision must be unanimous.

You need not determine the precise amount of cocaine involved in the conspiracy. You need only determine, beyond a reasonable doubt, that the conspiracy involved more than five kilograms of cocaine.

United States v. Yeje-Cabrera, 430 F.3d 1, 17 (1st Cir. 2005); Derman v. United States, 298 F.3d 34, 42 (1st Cir. 2002); Edwards v. United States, 523 U.S. 511, 514 (1998); Apprendi v. New Jersey, 530 U.S. 466 (2000).

43

## 4.21.841(a)(1)(A) POSSESSION WITH INTENT TO DISTRIBUTE COCAINE [21 U.S.C. § 841(a)(1)]

In Count Nine of the Second Superseding Indictment, the defendants are accused of possessing cocaine on or about May 1, 2004, intending to distribute it to someone else. It is against federal law to have cocaine in your possession with the intention of distributing it to someone else. For you to find the defendants guilty of this crime, you must be convinced that the government has proved each of these things beyond a reasonable doubt:

First: that on or about May 1, 2004, the defendant possessed cocaine, either actually or constructively;

Second: that the defendant did so with a specific intent to distribute that substance; and

Third: that the defendant did so knowingly and intentionally.

It is not necessary for you to be convinced that defendants actually delivered the cocaine to someone else, or that they made any money out of the transaction. It is enough for the government to prove, beyond a reasonable doubt, that the defendants had in their possession what they knew was cocaine and that they intended to transfer it or some of it to someone else.

A person's intent may be inferred from the surrounding circumstances. Intent to distribute may, for example, be inferred

44

from a quantity of drugs larger than that needed for personal use. In other words, if you find that the defendant possessed a quantity of cocaine—more than that which would be needed for personal use—then you may infer that the defendant intended to distribute cocaine. The law does not require you to draw such an inference, but you may draw it.

The term "possess" means to exercise authority, dominion or control over something. The law recognizes different kinds of possession. "Possession" includes both actual and constructive possession. A person who has direct physical control of something on or around his/her person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.

"Possession" also includes both sole possession and joint possession. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. Whenever I have used the word "possession" in these instructions, I mean joint as well as sole possession.

If you find the defendants guilty, you will also have to answer one or more questions concerning the quantity of the

45

substance involved, which may affect the potential sentence.

### 4.18.02 AIDING AND ABETTING DISTRIBUTION
### [18 U.S.C. § 2]

To "aid and abet" means intentionally to help someone else commit the charged crime.  To establish aiding and abetting, the government must prove beyond a reasonable doubt that (1) someone else committed the charged crime and (2) a defendant consciously shared the other person's knowledge of the crime, intended to help him/her, and willfully took part in the endeavor, seeking to make it succeed.  The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting.  But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.  Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

**COCAINE: SCHEDULE II CONTROLLED SUBSTANCE**

As a matter of law, I instruct you that cocaine is a Schedule II controlled substance.  You must take this as a fact.

Authority: 21 U.S.C. 802(6), 812(Schedule II (a)(4)).

48

## 2.14 DEFINITION OF "KNOWINGLY"

The word "knowingly" as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

**"ON OR ABOUT" and "IN OR ABOUT"- EXPLAINED**

The Second Superseding Indictment charges that the offense in Count One was committed from "[f]rom at least by in or about January 2001 and continuing until on or about May 1, 2004," and the offense in Count Nine was committed "[o]n or about May 1, 2004." Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

Adapted from Devitt, Blackmar, Wolff, and O'Malley, <u>Federal Jury Practice and Instructions</u>, §13.05 (4th ed. 1992).

## 6.01 FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

## 6.02 CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

## 6.03 REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest

conviction as to the weight and effect of the evidence simply to reach a verdict.

### 6.04 RETURN OF VERDICT FORM

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**Read verdict form.**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

## 6.05 COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

## POSSIBLE ADDITIONAL PROCEEDINGS

After you have returned your verdict, there may be additional proceedings.  If such proceedings are necessary, I will give you further instructions at that time.