UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10299-PBS |
| | ) | |
| | ) | |
| ROBERTO SOLORIO | ) | |

ROBERTO SOLORIO'S MOTION IN LIMINE

The defendant Roberto Solorio moves this court to preclude the government from admitting any anticipated testimony of Rogelio Garcia against him at the trial in this case. Solorio also moves to preclude the government from eliciting certain testimony from Maria Escobar concerning a specific conversation she had with Daniel Aguilar during which Aguilar mentioned Solorio.

Testimony of Rogelio Garcia

According to the government's trial brief, Garcia will be called to testify about his activities as a drug delivery man for Valentin Martinez in 2003. The three defendants standing trial are Solorio, Daniel Aguilar, and Ricardo Estrada[1]; they are charged with participating in an overall conspiracy and with

---

[1] It was represented in court that Valentin Martinez was likely to plead guilty before trial. In the event that Martinez does stand trial, Solorio moves that Garcia's testimony not be admitted against him and be subject to a limiting instruction.

possession of cocaine with the intent to distribute on May 1, 2004.  The government appears to be calling Garcia solely to prove the existence of a conspiracy.  In response, Solorio states that the government's evidence about the events of May 1, 2004 culminating in the arrests of the defendants is more than sufficient to prove the existence of a conspiracy.  The government has no evidence that Solorio belonged to this conspiracy at the time of the events Garcia is expected to testify about.  Counsel submits that admitting this evidence is largely irrelevant to proving Solorio's guilt; it is not probative of his membership in the conspiracy or his knowledge of the conspiracy's aims.  At the same time, however, it is highly prejudicial.

The government's pretrial memorandum discusses the law of multiple conspiracies.  <u>Gov't. Mem</u>., 24-27.  The government appears to characterize the facts here as a "hub-and-spoke" or "wheel" conspiracy, with Andres Martinez at its center and the other defendants constituting different distribution networks, or "spokes."  Instead, the evidence discloses multiple conspiracies having Andres and Valentin Martinez as common denominators.[2]  As

---

[2] Discovery shows the following separate conspiracies: 1) a conspiracy lasting from March to May 2003 between Jose Abreu, Jose Rosales, Edgar Hoffens, and Abdallah Hamden; 2) a conspiracy from July to September 2003 between Valentin Martinez, Rogelio Garcia, Carlos Argueta, and Manuel Germosen; 3) a conspiracy in March and April 2004 between Jose Estevez, Jorge Urena, Manuel Germosen, Valentin Martinez, and Andres Martinez; and 4) a

2

the government points out, for a "wheel" conspiracy to exist, there must be a metaphorical "rim" enclosing the "spokes" so that a unitary conspiracy is shown, rather than numerous separate conspiracies featuring some of the same characters.  See, e.g., Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239 (1946).  The evidence of such a rim is lacking in this case.  There is no evidence that Solorio was aware of the existence of Valentin Martinez, let alone his operations.  By the same token, counsel knows of no evidence connecting Solorio with the numerous other defendants in this case who have either already pleaded guilty or plan to stand trial in July 2006, other that those who were arrested with him at 6 Endicott Street.  More significantly, the summary of Garcia's expected testimony about his activities in 2003 bears no logical, or even temporal, relationship to the activities that led to the charges against Solorio, namely, his involvement in the delivery of a cocaine shipment in May 2004.[3]  There is no evidence that these two sets of drugs deals were dependent on one another for their success; rather, they were two

---

conspiracy in April to May 1, 2004 between Maria Escobar, Andres Martinez, Daniel Aguilar, and Ricardo Estrada.  Solorio is charged in relation to this last set of events.

   [3]  The original complaint against Solorio charged him with participation in a conspiracy running "from on or about April 1, 2004 through May 1, 2004."

separate operations, carried out by different people.[4]  For this reason, the court should not permit Garcia's testimony to be used as evidence of Solorio's liability for a 2003 drug transaction in which he clearly was not involved, of which he was ignorant, and which had no relation to or bearing on the outcome of the May 1 transaction.  See Kotteakos, supra, which reversed where the evidence at a trial on a single charge of conspiracy showed the existence of approximately eight separate conspiracies.  In Kotteakos, the trial court's instructions on vicarious liability for the acts of alleged coconspirators were prejudicial because they made it possible

> not only for the jury to find that all of the defendants were parties to a single common plan, design and scheme, where none was shown by the proof, but also for them <u>to impute to each defendant the acts and statements of the others without reference to whether they related to one of the schemes proven or another</u>, and to find an overt act affecting all in conduct which admittedly could only have affected some.

Id. at 771 (emphasis added).  See also United States v. Glenn, 828 F.2d 855 (1st Cir. 1987)(evidence showed defendant participated in a single hashish conspiracy rather than grand marijuana/hashish conspiracy alleged in indictment).

---

[4] Counts 2 through 8 of the indictment charge substantive offenses that mostly took place during the late spring and summer of 2003 and which did not involve the four other people with whom Solorio was arrested on May 1, 2004.

<u>Testimony of Maria Escobar</u>

The government anticipates offering a conversation that Maria Escobar had with Daniel Aguilar. According to the government, on some unidentified date in April 2004, Aguilar "told Escobar that he and Solorio were there to work for Andres until the cocaine shipment arrived and afterward were going to return to Mexico." <u>Gov't. Mem.</u>, 11. Solorio submits that this statement is not admissible against him under FRE 801(d)(2)(E) because it was not made in furtherance of the conspiracy. Rather, this remark falls under the rubric of idle chatter having no tendency to advance the conspiracy's aims; it was simply made during the course of the conspiracy. "A judicial determination that a coconspirator's statement tended to further the conspiracy must be supported by some plausible basis in the record. To that extent, the 'in furtherance' requirement represents a real limitation on the admissibility of coconspirator statements." <u>United States v. Piper</u>, 298 F.3d 47 (1st Cir. 2002)(citations omitted; statements erroneously admitted under FRE 801(d)(2)(E)).

The statement at issue is also objectionable because it is unreliable, i.e., it is factually wrong. While Aguilar came to Massachusetts from Mexico, Solorio did not. Solorio came from California and is an American citizen. Aguilar's demonstrated ignorance of Solorio and his future plans shows that the comment was just talk, not based on any knowledge or information.

CONCLUSION

Roberto Solorio asks the court not to admit Rogelio Garcia's evidence concerning the activities of Valentin Martinez against him. Should Rogelio Garcia testify at this trial, Solorio requests that the jury be instructed not to consider his testimony against Solorio. Solorio also asks that Maria Escobar be precluded from repeating before the jury Daniel Aguilar's remark about Solorio and returning to Mexico.

    Respectfully submitted

    By his attorney,

    /s/ Syrie D. Fried
    Syrie D. Fried
      B.B.O. # 555815
    Federal Defender Office
    408 Atlantic Avenue
    Boston, MA  02110
    Tel: 617-223-8061

CERTIFICATE OF SERVICE

I, Syrie D. Fried, do hereby certify that this document has been filed electronically and that it will be served electronically to registered ECF participants as identified on the Notice of Electronic Filing (NEF) on February 24, 2006.

    /s/ Syrie D. Fried
    Syrie D. Fried