```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA   )
                           )
      v.                   )     CRIM. NO. 04-10299-PBS
                           )
ROBERTO SOLORIO            )
```

DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

The defendant Roberto Solorio proposes that this Court put the following questions to the panel of prospective jurors during jury selection in the above-captioned case.

1.  An important legal principle which applies in all criminal trials is that a defendant is presumed to be innocent and that the burden of proving guilt rests with the prosecution. Is there anyone here who questions the wisdom of the presumption of innocence? Is there anyone who thinks that a defendant should put forth at least some evidence of his innocence if he has any such evidence?

2.  Another protection provided by our constitution in this country is that a person who is accused of a crime does not have to testify in his or her own defense. We call this the right to remain silent. Of course, a defendant in a criminal case can testify if

he or she wants to, but he does not have to. Is there anyone here who would be skeptical of the innocence of a defendant who decided not to testify at his trial?

The defendant objects to any reference to a "second superseding indictment." Such language only serves to inform the venire that the case has previously been charged in a different way. The jury should not be apprised of anything about the procedural history of the case, as such information is not admissible evidence that should bear on their verdict.

Regarding the government's proposed question no. 12, the defendant objects to the end of the first sentence which reads: "wherein the law sets forth certain punishments . . ." It is not appropriate for the jury to be apprised of how sentencing decisions are arrived at. Rather, the thrust of the question is aimed at discovering whether jurors have a problem with judging another person. It would appropriate to make only a passing reference to the possibility of incarceration without going further.

Regarding the government's proposed question 15, the defendant submits that this query is one-sided. If the venire is to be told what reasonable doubt is not, they must also be told what it is. Finally, the defendant objects to the wording of the government's last proposed

question regarding wiretap evidence.  The defendant objects to any reference to "court authorized" wiretaps, as it implies the court has put its imprimatur on the government's evidence.  Moreover, the jury should not be given information from which it might conclude that a court has given prior approval to the government's case.

    Respectfully submitted

    By his attorney,

    /s/ Syrie D. Fried
    Syrie D. Fried
      B.B.O. #555815
    Federal Defender Office
    408 Atlantic Avenue
    Boston, MA  02110
    Tel: 617-223-8061

CERTFICATE OF SERVICE

I Syrie D. Fried do hereby certify that the above document has been served via electronic case filing ("ECF") on those persons listed on the notice of electronic filing ("NEF") in the above-captioned case this 27th day of February, 2006.

    /s/ Syrie D. Fried