UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                      )        DOCKET NO. 04-CR-10299-S
UNITED STATES OF AMERICA     )
                                      )
v.                                    )
                                      )
ROBERTO SOLORIO,            )
_____)

### DEFENDANT ROBERTO SOLORIO'S SENTENCING MEMORANDUM

Mr. Roberto Solorio is a devoted father and has always supported his family, and has an excellent work record managing restaurants. Annexed hereto are letters by family and professional people attesting to the fact that he has been a good man. The letters to the Honorable Judge Patty Saris are:

- Two letters from Martha Solorio dated April 18, 2006;
- Letter from Guillermo Solorio dated April 17, 2006;
- Letter from Lisa Solorio dated April 17, 2006;
- Letter from Erika Davis dated April 17, 2006;
- Letter from Christian Solorio undated; and
- Letter from Lourdes Piancarte dated April 17, 2006.

These letters should be helpful in putting into context the sentencing guidelines and the individual.

Where the defendant's involvement is limited and the additional quantities are disproportionate, he will not be accountable for the greater quantities . See *United States v. Mitchell*, 964 F. 2d 454 (5[th]Cir. 1992) and *United States v. Willis* , 49 F. 3d 1271 (7th Cir. 1995).

Mr. Solorio  does not have a criminal history and had no prior experience in drug related matters. On September 29, 2004, Roberto Solorio was charged in an indictment, under 21 U.S.C. § 846, for the possession of, with intent distribute, cocaine. Then on October 6, 2004, he was charged with the same offense, with 20 other defendants, in a first superceding indictment. On

March 13, 2005, he next was charged with the same offense, along with aiding and abetting,
under 21 U.S.C. § 841(a) (1), and 18 U.S. C. § 2, in a second superceding indictment, adding 7
more defendants. The indictments alleged Solorio's participation from January 2001 to May1,
2001.

As indicated by co-defendants in this case, the Court may fashion a sentence "sufficient
but not greater than necessary" to achieve the statutory purposes of punishment, as required by
18 U.S.C. § 3553(a) in light of *United States v. Booker*, 125 S.Ct. 738 (2005 *Booker* restored the
district court's ability to fashion a sentence tailored to the individual circumstances of the case
and defendant by requiring courts to consider factors other than the sentencing range prescribed
by the United States Sentencing Guidelines. Under Section 3553(a), sentence below the range is
warranted if such would be sufficient to achieve the varied purposes of sentencing and
punishment. Defendant has requested a proffer to satisfy the safety valve provision of United
States Sentencing Guidelines § 5C1.2. Defendant Roberto Solorio submits that a fair and just
sentence for him is 60 months or less imprisonment and no fine due to his present lack of
resources. Defendant additionally requests a recommendation to the Bureau of Prisons that he
would serve his sentence at the closest available facility to Sacramento, California so defendant
would be able to visit with his ex-wife and children and many siblings. Defendant's role in the
conspiracy was a minor role. As codefendants noted, in *U. S. v. Santos,* 357 F.3d 136 (1ˢᵗ Cir.
2004) Solorio was a minor participant as he was  "someone who played no other role in a very
large smuggling operation than to offload part of a single marijuana shipment." See also
U.S.S.G. § 3131.2 a minor participant "plainly among the least culpable of those involved in the
conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of

the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant."

WHEREFORE, the defendant, Roberto Solorio, by counsel, requests this Honorable Court to fashion a sentence "sufficient but not greater than necessary". He is safety valve eligible and has requested an opportunity to present a proffer so as to complete those requirements. Appropriate sentencing would include a term of no more than 60 months or less imprisonment, no fine due to his present lack of resources and a recommendation to the Bureau of Prisons to be incarcerated in a facility where his family can visit him.

Respectfully submitted,

Roberto Solorio,
By his attorney,

/s/ Robert O. Berger
Date: June 7, 2006                          Robert O. Berger (BBO#: 038900)
                                            11 Beacon Street, Suite 1210
                                            Boston, MA 02108
                                            (617) 423-7575 Tel

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the above document was served on each other party by electronic transfer.

/s/ Robert O. Berger
Date: June 7, 2006                          Robert O. Berger (BBO#: 038900)

# <u>Exhibit A</u>