```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
                              )   CRIMINAL ACTION
     v.                       )
                              )   NO. 04-10299-PBS
3. ROBERTO SOLORIO,           )
                              )
```

### UNITED STATES' OPPOSITION TO DEFENDANT'S
### MOTION FOR RECONSIDERATION OF MOTION FOR NEW TRIAL

The United States respectfully submits that defendant's motion for reconsideration of the court's denial of defendant's motion for new trial should denied.

### ARGUMENT

Rule 33 of the Criminal Rules of Procedure authorizes the grant of a new trial if required in the interests of justice and 'where the evidence preponderates heavily against the verdict.'" United States v. Villarman-Oviedo, 325 F.3d 1, 15 (1st Cir. 2003)(quoting United States v. Andrade, 94 F.3d 9, 14 (1st Cir. 1996). "The remedy of a new trial must be used sparingly, and only when a miscarriage of justice would otherwise result." United States v. Conley, 249 F.3d 38, 45 (1st Cir. 2001).

Defendant makes three arguments to revive his motion for a new trial.  First, defendant argues that he was improperly joined at trial with his co-defendant, Daniel Aguilar. Second, defendant argues that there was insufficient evidence that SOLORIO was a co-conspirator to introduce Maria Escobar's testimony about co-conspirator statements that Andres Martinez made during the

conspiracy. Third, defendant argues that there was a variance between the indictment and the evidence at trial. Each of these arguments have no merit.

A.   Defendant Was Properly Joined

The First Circuit has repeatedly endorsed the general rule that "persons who are indicted together should be tried together." United States v. O'Bryant, 998 F.2d 21, 25 (1st Cir. 1993). That is because joint trials "promote efficiency and serve the interests of justice." Zafiro v. United States, 506 U.S. 534, 537 (1993) (internal quotation marks and citation omitted). The presumption in favor of joint trials was particularly strong in conspiracy cases such as this one. See United States v. Brandon, 17 F.3d 409, 440 (1st Cir. 1994) ("In the context of conspiracy, severance will rarely, if ever, be required.") (internal quotation marks and citation omitted); United States v. Perkins, 926 F.2d 1271, 1280 (1st Cir. 1991) ("Co-conspirators are customarily tried together absent a strong showing of prejudice.").

Multiple defendants may be joined in the same indictment when (1) the defendants have participated in the "same act or transaction"; or (2) the defendants have participated in the "same series of acts or transactions." Fed. R. Crim. P. 8(b). This means that to properly charge multiple defendants with multiple counts in the same indictment, there must be some common activity binding the defendants and offenses together. United States v. Natanel, 938 F.2d 302 (1st Cir. 1991).

In this case, there was clearly a common activity that bound SOLORIO together with his co-conspirators Daniel Aguilar, Andres Martinez, and Maria Escobar: the receipt and transportation of 50 kilograms of cocaine at the Countryside Motel in Peabody to 6 Endicott Street in Danvers.  Defendant argues that the joinder was prejudicial because his defense was "mutually antagonistic" to that of Daniel Aguilar, the other "baggage carrier."  This argument has not merit.  The defenses were clearly consistent.  Each defendant, through his attorney, asserted that they had no knowledge of the drug deal or the contents of the suitcases.

Defendant also argues that since he was such a minor participant that the evidence introduced about other participants, including Valentin Martinez and Manuel Germosen, a.k.a. "Manolo," was unfairly prejudicial.  This argument also fails.  SOLORIO obtained a *de facto* severance from the other defendants at trial, thereby eliminating any potential spill over prejudice.  Furthermore, that evidence that was introduced regarding these other participants was minimal.  Instead, the trial focused on a single seizure of cocaine that took place on May 4, 2004 in which SOLORIO was a knowingly participant.

B.  The Co-Conspirator Statements Were Admissible Against SOLORIO

Federal Rule of Evidence 801(d)(2)(e) provides that a "statement by a coconspirator of the party during the course and in furtherance of the conspiracy" is not considered to be hearsay and thus is admissible into evidence.  See Fed. R. Evid. 801(d)(2)(e).  To make use of this rule, the government must

prove by a preponderance of evidence that 1) a conspiracy existed between the declarant of the statement and the defendant, and that the declarant uttered the statement 2) during the course of and 3) in furtherance of the conspiracy.  See Bourjaily v. United States, 483 U.S. 171, 175 (1987); United States v. Piper, 298 F.3d 47, 52 (1st Cir. 2002); United States v. Petrozziello, 548 F.2d 20, 22 (1st Cir. 1977). In the First Circuit, a judge may conditionally admit coconspirator statements during the trial, and make a final determination on admissibility at the close of the evidence. United States v. Bradshaw, 281 F.3d 278, 283 (1st Cir. 2002).

To satisfy the first requirement, the government must show that it is more likely than not that the defendant was involved in the conspiracy, based in part on evidence other than the contested statement. United States v. Piper, 298 F.3d at 52; United States v. Sepulveda, 15 F.3d 1161, 1181-82 (1st Cir. 1993).  The trial court is allowed to consider the content of the coconspirator's statement and the surrounding circumstances in this inquiry, but the statement itself is not sufficient to prove the defendant's involvement.  United States v. Sepulveda, 15 F.3d at 1181-82.  Further, the statement may be admissible against the defendant even if the statement was made before the defendant joined the conspiracy, because defendants are deemed to have adopted previous coconspirator statements by the act of joining. United States v. Saccoccia, 58 F.3d 754, 778 (1st Cir. 1995).

Here, the government clearly established by a preponderance of the evidence that the declarants (Andres Martinez, Daniel

Aguilar, and Ricardo Estrada) were involved in a conspiracy to distribute cocaine.  In support of his argument, defendant asserts that the only evidence that linked SOLORIO to Andres Martinez was the unreliable testimony of Maria Escobar and the instructions that Martinez gave to Escobar and Aguilar.  However, contrary to defendant's assertions, Escobar's testimony was substantially corroborated by intercepted wiretap calls and physical surveillance which included video camera and GPS surveillance.  The jury's verdict also strongly indicates that her testimony was reliable.

C.   There Was No Variance

A variance occurs when the facts proved a trial are different from those alleged in the indictment.  United States v. DeCicco, 439 F.3d 36, 43 (1st Cir. 2006).  "Variance is grounds for reversal only if it affected the defendant's 'substantial rights' - i.e., the rights to have sufficient knowledge of the charge against him in order to prepare an effective defense and avoid surprise at trial, and to prevent a prosecution for the same offense."  Id. at 43. Variance in the evidence is permitted as long as the evidence actually presented (and subsequent instructions) relate to and prove the crime charged in the indictment, notwithstanding how the evidence was described in the indictment. United States v. Miller, 471 U.S. 130, 145 (1985); United States v. Corpus, 882 F.2d 546, 553 (1st Cir. 1989)("The fact that the Indictment charges a larger amount of drugs in [defendant's] possession than the amount proven at trial does not

render the Indictment constitutionally infirm."). To obtain relief, a defendant must show that having to face different evidence caused a particular and substantial prejudice. Fed. R. Crim. P. 52(a); <u>Berger v. United States</u>, 295 U.S. 78, 82 (1935); <u>United States v. Moran</u>, 984 F.2d 1299, 1303 (1st Cir. 1993); <u>see also</u> <u>United States v. Morrow</u>, 39 F.3d 1228 (1st Cir. 1994)(no variance when proof of multiple conspiracies in a trial of a single conspiracy indictment, as long as there is sufficient evidence supporting the existence of the conspiracy described in the indictment). "The doctrine of variance also protects against prejudicial 'spillover', so that in cases with multiple defendants proof that one defendant was involved in one conspiracy does not lead the jury to believe that another defendant was involved in a separate conspiracy." <u>United States v. Tormos-Vega</u>, 959 F.2d 1103, 1115 (1st Cir. 1992)

In this case, there was no variance in the proof introduced at trial. The indictment alleged a conspiracy which began in 2001, but ended on May 1, 2004, the day SOLORIO was arrested. Similarly, SOLORIO was charged with a single substantive count of possession with intent to distribute cocaine on May 1, 2004, the date on which SOLORIO was arrested and fifty kilograms of cocaine were seized. Furthermore, the proof offered at trial was substantially the same evidence submitted the criminal complaint in which SOLORIO was first charged along with his other co-defendants.

Finally, defendant's argument that SOLORIO was not involved in the conspiracy until at least early 2004 is true, but

unavailing.  The court properly instructed the jury that "even if the defendants were not part of the agreement from the very start, they can be found guilty of conspiracy if the government proves that they willfully joined the agreement later."  First Circuit Pattern Criminal Instruction § 4.21.846 (2003); see also United States v. Baines, 812 F.2d 41, 42 (1st Cir. 1987)("[A] conspiracy is like a train.  When a party knowingly steps aboard, he is part of the crew, and assumes conspirators responsibility for the existing freight-or-conduct- regardless of whether he is aware of what it is composed.").

Accordingly, for the foregoing reasons, defendant's motion should be denied.

                          Respectfully submitted,

                          MICHAEL J. SULLIVAN
                          United States Attorney

By:        /s/ Neil J. Gallagher, Jr.
             Neil J. Gallagher, Jr.
             Assistant U.S. Attorney
             One Courthouse Way
             Boston, MA

Date: June 12, 2006

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and mailed to all those not participating in ECF.

                          /s/ Neil J. Gallagher, Jr.
                          Neil J. Gallagher, Jr.