# MANDATE

# United States Court of Appeals
## For the First Circuit

No. 06-2303

UNITED STATES,

Appellee,

v.

ROBERTO SOLORIO,

Defendant, Appellant.

Before

Boudin, <u>Chief Judge</u>,
Torruella and Lipez, <u>Circuit Judges</u>.

**JUDGMENT**
**Entered: July 9, 2007**

Appellant, Roberto Solorio, appeals his conviction for conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 and possession with intent to distribute the same in violation of 21 U.S.C. § 841(a)(1). He first argues that the district court improperly neglected to join the major participants in the charged drug conspiracy, leaving only himself and another minor player to be tried together. While it is true that co-conspirators generally are tried together, see United States v. Pena-Lora, 225 F.3d 17, 3_ (1st Cir. 2000), there was no practicable way for the district court to join other co-conspirators, let alone important figures in the conspiracy, because nearly all of those who were apprehended pleaded guilty. In fact, the only defendant tried separately was unable to join in appellant's trial due to a complication concerning a conflict of interest in his representation. Accordingly, appellant has not shown that the district court abused its discretion. See United States v. Nason, 9 F.3d 155, 158 (1st Cir. 1993).

Appellant also argues that the district court violated Fed. R. Evid. 8(d)(2)(E) and United States v. Petrozziello, 548 F.2d 2 (1st Cir. 1977) when it allowed Maria Escobar to testify as to out of court declarations of a co-conspirator. While the court failed to deliver on its promise to render a Petrozziello ruling at the close of evidence, appellant failed at that time either to raise an objection or otherwise to remind the court that the ruling needed to be made. See United States v. Newton, 326 F.3d 253, 257 (1st Cir. 2003). Besides, the court issued a Petrozziello ruling at sentencing. Turning to the merits of the claim, we conclude after a careful review of the record that a preponderance of the evidence supports the finding that appellant and the declarant were members of a conspiracy when the challenged statement was made.

Lastly, appellant claims that there was a fatal variance between the matters charged in the indictment and those proved at trial. We disagree. The mere fact that most of the events pertaining to appellant's involvement in the conspiracy occurred near (but not beyond) the very end of the three-year period specified in the indictment falls well short of establishing that he was not informed of the charges or that he could be subject to a second prosecution for the same offense, as is required under the standard. See United States v. Munoz-Franco, 2007 U.S. App. LEXIS 11972, 104-105 (1st Cir. 2007).

Affirmed. 1st Cir. Loc. R. 27.0(c).

By the Court:

Richard Cushing Donovan, Clerk.

By: _____MARGARET CARTER_____
Chief Deputy Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk
*[signature]*
Deputy Clerk
Date: 7/30/07

[cc: Neil J. Gallagher, AUSA, Sandra S. Bower, AUSA, Dina Michael Chaitowitz, AUSA, Randall E. Kromm, AUSA, Robert O. Berger, Esq., Roberto Solorio]